The defendant's contention that the County Court erroneously failed to deliver a missing witness charge is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, this contention is without merit inasmuch as the defendant never established that the witness in question was in the People's control or that his whereabouts could have been ascertained with due diligence (*see People v Williams,* 47 AD3d 854 [2008]).

The defendant's remaining contention is without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.

■ The People of the State of New York, Respondent, v Medine Jeanty, Appellant. [884 NYS2d 193]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Hanophy, J.), imposed September 27, 2007, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Fisher, Covello, Leventhal and Austin, JJ., concur.

■ The People of the State of New York, Respondent, v Micki M. Pryor, Appellant. [884 NYS2d 193]—Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Suffolk County (Gazzillo, J.), imposed April 17, 2007, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Fisher, J.P., Covello, Leventhal and Austin, JJ., concur.